# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5,<br><br>Defendants. | Case No.: 4:19-cv-00052-HCM-DEM<br><br><br><br><br><br><br><br>CLASS ACTION |

## STIPULATION REGARDING CLASS CERTIFICATION AND ADJUDICATION OF PLAINTIFF'S CLAIMS ON A CLASS BASIS

WHEREAS, Plaintiff Roger Herndon ("Plaintiff") filed a complaint on May 20, 2019 (the "Complaint") (ECF No. 1) alleging class action claims under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") against Huntington Ingalls Industries, Inc. ("HII") and the HII Administrative Committee (the "Committee") (collectively, the "Defendants") regarding the "Legacy" sub-plan of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement (the "Plan")[1];

WHEREAS, the Complaint asserts three causes of action under ERISA: (1) Declaratory and Equitable Relief under 29 U.S.C. § 1132(a)(3) (Count I); (2) Reformation of the Plan and

---

[1] As used herein, the "Plan" refers to the Legacy sub-plan of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement only, and shall not include any other employee benefit plans or sub-plans sponsored or administered by Defendants.

Recovery of Benefits under the Reformed Plan under 29 U.S.C. §§ 1132(a)(1) and (3) (Count II); and (3) Breach of Fiduciary Duty under 29 U.S.C. § 1132(a)(3) (Count IIII) (ECF No. 1);

WHEREAS, in the Complaint, Plaintiff challenges the Plan's use of the 1971 GAM mortality table and a 6% interest rate to calculate the actuarial equivalence of optional forms of annuity benefits under the Plan as unreasonable (ECF No. 1);

WHEREAS, Defendants filed a motion to dismiss all claims in the Complaint (ECF No. 10-11) which is still pending with the Court;

WHEREAS, on December 13, 2019, Plaintiff moved the Court to certify a class with regard the action (ECF No. 47) (the "Motion");

WHEREAS, in the Motion, Plaintiff alleges that "Defendants' use of an almost 50-year old mortality table in the calculation of its joint and survivor annuities for participants in the [Plan] results in benefit payments that are substantially lower than the actuarially equivalent of a single life annuity."  (ECF No. 47 at p. 1);

WHEREAS, in the Motion, Plaintiff contends that the "fundamental common legal question" is "whether Defendants' use of an antiquated mortality table to calculate class members' retirement benefits caused class members to receive benefits lower than the 'actuarially equivalent' of an SLA in violation of federal pension law, including 29 U.S.C. § 1055(d) and 26 C.F.R. § 1.401(a)-20 Q&A 16."

WHEREAS, in the Motion, Plaintiff proposes to define the class as:

> All participants or beneficiaries of the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement, who began receiving pension benefits on or after May 20, 2013, in the form of a joint and survivor annuity.  Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

(ECF No. 47 at 4.)

WHEREAS, in the Motion, Plaintiff states that the proposed class "includes Plan participants and beneficiaries who began receiving benefits in the form of *any* type of JSA – whether 50%, 75% or 100%; with or without a 'pop-up' option; and whether by virtue of choosing that option, or receiving a JSA as a result of the Plan's provisions relating to qualified pre-retirement survivor annuities." (ECF No. 47 at p. 4);

WHEREAS, in the Motion, Plaintiff makes clear that participants who selected any *other* benefit options available under the terms of the Plan, such as "lump sum" options or "certain and life" annuity options are not part of the proposed class (ECF No. 47 at p. 2, n. 2);

WHEREAS, in the Motion, Plaintiff contends that the proposed class satisfies the elements of Fed. R. Civ. P. 23(a), namely that:

(1) The "numerosity" element of Rule 23(a) is met because the proposed class includes "over 1400 individuals [who] began receiving Plan benefits in the form of a JSA during the class period" and joinder of each of these individuals would be impracticable (ECF No. 47 at 6);

(2) The "commonality" element of Rule 23(a) is met because there are numerous common factual and legal questions upon which all proposed class members' claims depend (ECF No. 47 at pp. 6-10);

(3) The "typicality" element of Rule 23(a) is met because the claims of Plaintiff and the proposed class members all arise from the same alleged events and course of conduct and Plaintiff seeks the same sort of remedies as the proposed class members (ECF No. 47 at pp. 11-12); and

(4) The "adequacy" element of Rule 23(a) is met because Plaintiff's interests are aligned with the proposed class members' interests (ECF No. 47 at pp. 12-13);

WHEREAS, in the Motion, Plaintiff states that his proposed class counsel (Izard, Kindall

& Raabe, LLP and Bailey & Glasser LLP) satisfy the elements of Fed. R. Civ. P. 23(g) because the proposed class counsel has ample class action and ERISA experience and has demonstrated their commitment to representing the Class (ECF No. 47 at pp. 13-14, 22);

WHEREAS, in the Motion, Plaintiff contends that the proposed class satisfies the elements of Fed. R. Civ. P. 23(b)(1) because the fundamental legal question – whether the use of the same outdated mortality table and the same interest rate for all members of the class caused class members to receive benefits lower than the actuarial equivalent of a single life annuity in violation of federal pension law – would be dispositive of the interests of other plan participants (ECF No. 47 at pp. 1, 16);

WHEREAS, Defendants do not agree with Plaintiff's allegations in the Complaint or the Motion (except to the extent stipulated herein); however Defendants agree that, with regard to the Class as defined below, the claims specified and articulated herein are appropriate for certification because they meet the requirements for same set forth in Fed. R. Civ. P 23[2];

---

[2] The Parties reserve the right to amend or withdraw this Stipulation should the Court grant, in whole or in part, the pending motion to dismiss the Complaint. (ECF No. 10-11.)

**WHEREFORE, THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1. The Class may be certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure with respect to the three claims asserted in the Complaint that are enumerated and articulated above in this Stipulation. The Class shall be defined as and shall consist of:

> All participants or beneficiaries of the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement, who began receiving pension benefits in the form of a joint and survivor annuity during the Class Period, which shall be defined as May 20, 2013 through the date of this Stipulation. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

2. Regarding the Class:

   a. The members of the Class number more than a thousand individuals and are so numerous that joinder of all members is impracticable.

   b. Common questions of law and fact exist with respect to all members of the Class including questions as to: (1) whether the mortality and interest assumptions used by the Plan during the class period to calculate joint and survivor benefits for Plan participants and beneficiaries are reasonable, to the extent required by law; (2) whether Defendants breached any applicable fiduciary duties under ERISA; and (3) whether the members of the Class suffered damages from these alleged breaches and, if so, how to calculate such damages.

   c. Plaintiff's claims are typical of the Class claims in that, among other things, he was a participant in the Plan during the relevant time period and his alleged injuries arise from the same practice or course of conduct as do the alleged injuries of the members of the Class.

3. Plaintiff is committed to fairly, adequately and vigorously representing and protecting the interests of the members of the Class, does not have any interests that might cause him to refrain from vigorously pursuing the claims specified herein, and, as a result, is adequate to

represent the Class.

4. Plaintiff has retained counsel competent and experienced in class action litigation of this nature for this purpose, and Plaintiff's counsel does not have any interests that might cause them to refrain from vigorously pursuing claims in this class action and, as a result, Plaintiff's counsel (Izard, Kindall & Raabe, LLP and Bailey & Glasser LLP) are adequate to represent the Class pursuant to Fed. R. Civ. P. 23(g).

5. Certification of the Class's claims for relief as specified herein are appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of non-party Class members.

6. This Stipulation does not waive any affirmative defenses the Defendants may have or will assert as to any member of the Class. Any waiver of affirmative defenses deemed to be made by virtue of this Stipulation shall be consistent with, and limited by, the terms of this Stipulation. Any such waiver would be deemed by the parties to have been voided in the event that the Defendants exercise the options set forth in Paragraphs 7 or 8.

7. This stipulation is without prejudice to Defendants' ability to seek decertification or modification of the class at or after trial on the grounds that the evidence or arguments that Plaintiff advances and relies upon at trial makes it inappropriate for the Court to impose a judgment for or against all class members simultaneously. Nothing in this paragraph precludes Plaintiff from opposing the foregoing on any grounds.

8. If the Court finds that this case is not suitable for certification under Rule 23(b)(1)

or if such certification will limit the relief to which Plaintiff would be entitled as compared to any other provision of Rule 23, the parties request leave to file a joint motion to modify the scheduling order in this case to allow Defendants sufficient time from the date of the Court's order to respond to Plaintiff's Motion for Class Certification (ECF No. 47) and, as necessary, adjust the remaining schedule accordingly. Plaintiff and Defendants respectfully submit that under such circumstances, "good cause" within the meaning of Fed. R. Civ. P. 16(a)(4) exists for the purposes of modifying the schedule.

So stipulated:

January 17, 2020

| /s/ | /s/ |
|---|---|
| Gregory Y. Porter (VSB # 40408) | Robert W. McFarland (VSB No. 24021) |
| gporter@baileyglasser.com | rmcfarland@mcguirewoods.com |
| BAILEY & GLASSER LLP | Jeanne E. Noonan (VSB No. 87863) |
| 1055 Thomas Jefferson Street, NW, Suite 540 | jnoonan@mcguirewoods.com |
| Washington, DC 20007 | MCGUIREWOODS LLP |
| Tel: (202) 463-2101 | World Trade Center |
| Fax: (202) 463-2103 | 101 West Main Street, Suite 9000 |
|  | Norfolk, Virginia 23510-1655 |
| Mark G. Boyko (to be admitted *pro hac vice*) | Tel: (757) 640-3716 |
| mboyko@baileyglasser.com | Fax: (757) 640-3730 |
| BAILEY & GLASSER LLP |  |
| 8012 Bonhomme Avenue, Suite 300 | Cari K. Dawson (admitted *pro hac vice*) |
| Clayton, MO 63105 | cari.dawson@alston.com |
| Tel: (202) 463-2101 | H. Douglas Hinson (admitted *pro hac vice*) |
| Fax:(202) 463-2103 | doug.hinson@alston.com |
|  | ALSTON & BIRD LLP |
| Robert A. Izard (to be admitted *pro hac vice*) | 1201 W. Peachtree Street |
| rizard@ikrlaw.com | Atlanta, GA 30309 |
| Mark P. Kindall (to be admitted *pro hac vice*) | Tel: (404) 881-7000 |
| mkindall@ikrlaw.com | Fax: (404) 881-7777 |
| Seth R. Klein (to be admitted *pro hac vice*) |  |
| sklein@ikrlaw.com | Emily Seymour Costin (admitted *pro hac vice*) |
| Douglas P. Needham | emily.costin@alston.com |
| dneedham@ikrlaw.com | David R. Godofsky (admitted *pro hac vice*) |
| Oren Faircloth | david.godofsky@alston.com |
| ofaircloth@ikrlaw.com | ALSTON & BIRD LLP |
| IZARD, KINDALL & RAABE LLP | 950 F Street, NW |
| 29 South Main Street, Suite 305 | Washington, D.C. 20004-1404 |
| West Hartford, CT 06107 | Tel: (202) 239-3300 |
| Tel: (860) 493-6292 | Fax: (202) 239-3333 |
| Fax: (860) 493-6290 |  |
| *Counsel for Plaintiff* | *Counsel for Defendants Huntington Ingalls Industries, Inc. and the HII Administrative Committee* |

## CERTIFICATE OF SERVICE

I certify that on this 17th day of January 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/
Robert W. McFarland (VSB No. 24021)
rmcfarland@mcguirewoods.com
Jeanne E. Noonan (VSB No. 87863)
jnoonan@mcguirewoods.com
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Tel: (757) 640-3716
Fax: (757) 640-3730

Cari K. Dawson (admitted *pro hac vice*)
cari.dawson@alston.com
H. Douglas Hinson (admitted *pro hac vice*)
doug.hinson@alston.com
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777

Emily Seymour Costin (admitted *pro hac vice*)
emily.costin@alston.com
David R. Godofsky (admitted *pro hac vice*)
david.godofsky@alston.com
ALSTON & BIRD LLP
950 F Street, NW
Washington, D.C. 20004-1404
Tel: (202) 239-3300
Fax: (202) 239-3333

*Counsel for Defendants Huntington Ingalls Industries, Inc. and the HII Administrative Committee*