IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

FILED
FEB 2 0 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| ROGER A. HERNDON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUNTINGTON INGALLS INDUSTRIES, INC.,<br><br>and<br><br>THE HUNTINGTON INGALLS INDUSTRIES ADMINISTRATIVE COMMITTEE,<br><br>and<br><br>JOHN AND JANE DOES 1-5,<br><br>Defendants. | Civ. No.: 4:19-cv-52 |

## ORDER

On Tuesday, February 18, 2020, the Court held a hearing to hear oral arguments on a motion to dismiss under rule 12(b)(6). The Court ruled from the bench and **DENIED** the motion. This Order is intended to memorialize the Court's ruling and explain in in further detail.

### I. BACKGROUND

Plaintiff filed suit on May 20, 2019, on behalf of himself and others similarly situated, alleging that Defendants deprived Plaintiffs of their actuarial equivalent benefits by relying on unreasonable actuarial assumptions. The essential facts of the allegations are that Defendants use

1

mortality data from a table issued in 1971 – the 1971 GAM table. Plaintiff pleads that the use of these data is unreasonable, because mortality rates increase over time. Compl. at ¶¶ 43-54.[1]

Defendant moved to dismiss the complaint for failure to state a claim, arguing that (1) there is no duty to "update" mortality assumptions, (2) the mortality data used by the Plan is objectively reasonable, and (3) Plaintiff's ERISA claims fail. Doc. 10, 11.

## II. DISCUSSION

### A. LEGAL STANDARD

*i. Rule 12(b)(6) Motion to Dismiss*

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) ("In considering a motion to dismiss, we accept as true all well-pleaded allegations and view the complaint [or counterclaim] in the light most favorable to the plaintiff [or counterclaim plaintiff]") (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). A complaint establishes facial plausibility "once the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th

---

[1] In considering a motion to dismiss, [the Court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citations omitted). The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion to Dismiss. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Therefore, the complaint need not include "detailed factual allegations" as long as it pleads "sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct." Id. Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

In deciding the motion, a court may consider the facts alleged on the face of the complaint as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" Moore v. Flagstar Bank, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (1990)). The court may look to documents attached to the complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted).

*ii. ERISA Background*

ERISA requires that an employee's post-retirement benefits be "actuarial equivalent" the amount the participant would have earned under a single life annuity. 26 U.S.C. § 417(b), (c), (g); 29 U.S.C. § 1055(d), (e); see also 26 C.F.R. §§ 1.401(a)-11(b)(2), 1.401(a)-20. This means that the present values of the benefits received and benefits under a single life annuity are "equal under a given set of actuarial assumptions." Stephens v. U.S. Airways Grp., Inc., 644 F.3d 437, 440 (D.C. Cir. 2011). In order to achieve equiveillance, the actuarial assumptions must be "reasonable." 26 C.F.R. §§ 1.401(a)-11(b)(2); 1.411(d)-3(g)(1). (requiring that actuarial present value be "determined using reasonable actuarial assumptions"). This case asks, "what is reasonable?"

**B.     UPDATING MORTALITY DATA**

3

Defendant argues that there is no particular requirement contained in EIRSA that mortality data be updated from time to time to match contemporary mortality data. Doc. 11 at 8. Indeed, Defendant goes so far as to argue that the law requires that the assumptions "remain unchanged." Id. at 14. Defendant argues that the absence of any specific statutory or regulatory command is dispositive of this issue. Id. at 11. Defendant goes on to argue that if the Court were to interpret the law to require periodic updating, then the Court would create a conflict between ERISA and the IRC. Id. at 12. Finally, Defendant argues that the present dispute that is rightfully left for Congress to resolve. Id. at 14.

Plaintiff responds by arguing that the plain language of the applicable statutes and regulations prohibit a plan from denying actuarial equivalent benefits, which requires "reasonable" assumptions. Doc. 20 at 5.

The Court **FINDS** that Plaintiff has pleaded a claim. Under a straightforward and plain reading of the statute and regulations, Defendants must use "reasonable" data to ensure that Plaintiff is receiving benefits that are equivalent to a single life annuity. "Reasonable" is word that is familiar to courts. Bakery & Confectionart Union & Indust. Int'l Pension Fund v. Just Born II, Inc., 888 F.3d 696, 706 (4th Cir. 2018) ("[r]easonableness is a zone, not a point"). When conduct falls outside of that range it is said to be unreasonable.

As the parties agree, life expectancy and interest rates change over time. Doc. 21 at 1. The use of mortality data that is over forty (40) years old could, plausibly, be unreasonable. As one court recently observed: "ERISA likely does not require that plans use any specific mortality table or any specific interest rate at any given time. Rather, they may choose from the options that fall within the range of reasonableness at the time of the benefit determination, as determined by professional actuaries." Smith et al. v. Rockwell Automation, Inc. et al., Case No. 19-C-0505,

2020 WL 620221, at *7 (E.D. Wisc. Feb. 10, 2020). Such a claim "plainly pleads claims under ERISA" as opposed to the regulations. DuBuske v. PepsiCo, Inv., 18 CV 11618(VB), 2019 WL 4688706, at *3 (S.D.N.Y. Sept. 25, 2019), modified in part by 2019 WL 5864995.

Further, hearing this case on the merits will not require the Court to sit as a legislature. The legislature has already spoken on this issue. The question for the Court is whether Defendants complied. That is a classic question for the judiciary. Defendants argue that the legislative history shows that when Congress wanted to amend ERISA, it has done so. While that is true, it is appropriate for this Court to address this matter on the merits, because Congress has imposed an obligation and Plaintiff has pleaded a claim that it has been denied benefits to which he is entitled pursuant to that obligation. Thus, it is not improper for this Court to proceed to a merits determination.

Indeed, the United States District Court for the District of Massachusetts recently held the same. Cruz, et al., v. Raytheon Co., et al., Civil Action No. 19-11425, Doc. 28, (D. Mass. Jan. 17, 2020). There, the court rejected the argument that ERISA does not require updating the plan: "assessing the 'reasonableness' of actuarial assumptions could plausibly include consideration of the age of those assumptions." Cruz, Civil Action No. 19-11425, Doc. 28 at 8. Even more recently, the United States District Court for the Eastern District of Wisconsin rejected the argument that ERISA does not impose an obligation to use reasonably recent mortality data. Smith, 2020 WL 620221; but see DuBuske, 2019 WL 4688706.

Accordingly, the Court **DENIES** the motion to dismiss.

C. **OBJECTIVE REASONABLENESS**

Defendant goes on to argue that its actuarial assumptions are reasonable as a matter of law. Doc. 11 at 17. Defendant argues that reasonableness is not a precise target. Id. at 18. Defendant

argues that, because the 1971 GAM table is listed as a "standard mortality table" in 26 C.F.R. § 1.401(a)(4)-12 (that is, nondiscrimination regulations) it is reasonable in this context as well. Id. Defendant also argues that the fact that more recent tables are available do not make the 1971 GAM table unreasonable. Id. at 18.

Plaintiff responds that the regulation to which Defendant cites is inapplicable, because it only applies to the Tax Code's nondiscrimination rule. Id. at 15. Plaintiff goes on to detail his allegations in the complaint to establish that he has pleaded that the use of the 1971 GAM table is unreasonable. Id. at 17.

The Court **DENIES** the motion to dismiss on these grounds. The fact that the 1971 GAM table is listed in 26 C.F.R. § 1.401(a)(4)-12 as a "standard mortality table" does not make it a reasonable table to calculate Plaintiffs' benefits. The regulation lists the 1971 GAM table as "standard" in the context of the Tax Code's "nondiscrimination" requirement. 26 C.F.R. § 1.401(a)(4) et seq. The section to which Defendants refer clearly specifies that the referenced definitions, including "standard mortality table," govern in applying the provisions of §§ 1.401(a)(4)-1 through 1.401(a)(4)-13. 26 C.F.R. § 1.401(a)(4)-12 at preamble. It does not mention anything about calculating benefits; in fact, the regulation which speaks to calculating benefits is section 1.401(a)-11, which is <u>not included</u> in the range of regulations listed in section 1.401(a)(4)'s preamble. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 205 n.4 (2d Cir. 2007) (distinguishing between the Tax Code's nondiscrimination requirement and requirements for reasonable actuarial assumptions); Smith, 2020 WL 620221 at *9; Torres, et al. v. American Airlines, Inc., et al., Civil Action No. 4:18-cv-983, Doc. 31, at 12-13 (N.D. Tex. Aug. 7, 2019) (finding that the UP-1984 "standard table" is not reasonable as a matter of law in a similar case).

Although reasonableness is a range, not a point, that does not mean that Plaintiffs have not pleaded a case. Plaintiffs' allegations are not conclusory and rise to the "plausibility" standard required by Rule 8. E.g., Doc. 1 ¶¶ 43 (rise in life expectancy), 44 (actuarial tables must be adjusted), 48 (different mortality assumptions impact benefits), 52 (the 1971 GAM table is "decades" old), 54 (the use of the 1971 GAM table results in benefits lower than what they would be under reasonable data), 63 (calculating benefits). Accordingly, while Defendant may still argue that its use of the 1971 GAM table is reasonable in a merits case, at this stage the Court rejects that argument and will not dismiss the case on those grounds.

### D. PLAINTIFF'S SPECIFIC ERISA CLAIMS

Plaintiff asks for declaratory and equitable relief under 29 U.S.C. § 1132(a)(3) (Count 1); reformation of the Plan and benefits pursuant to the Plan as amended under 29 U.S.C. § 1132(a)(1), (a)(3) (Count 2); and breach of fiduciary duty under 29 U.S.C. §§ 1104, 1132(a)(3) (Count 3).

Under section 1132(a)(3), a plaintiff may bring an action to "enjoin any act or practice which violates and provision of this subchapter . . . or [] to obtain [] appropriate equitable relief to redress [violations of this subchapter]." 29 U.S.C. § 1132(a)(3). Here, Plaintiff has pleaded violations of the relevant sub-chapter as detailed supra. Specifically, Plaintiff has pleaded that Defendants have failed to provide actuarially equivalent benefits, in violation of ERISA. Thus, the Court **FINDS** that Count 1 survives Rule 12(b)(6).

As to Count 2, a claim for reformation, reformation is an equitable remedy available under section 1132(a)(3). CIGNA v. Amara, 563 U.S. 421, 441 (2011). Defendants argue, though, that fraud or mutual mistake are required. In an unreported case, the Fourth Circuit said, "[i]n limited circumstances, however, a court is entitled to reform an ERISA plan to correct a mutual mistake or to mitigate a fraud scheme." Cross v. Bragg, 329 F. App'x 443, 455 (4th Cir. 2009). The Cross

court did not say that those were the only circumstances in which reformation was available. Recently, after the briefing on this case was completed, the Second Circuit held that fraud or mutual mistake are not necessary to plead a case for reformation. Laurent v. PricewaterhouseCoopers, LLP, 945 F.3d 739 (2d Cir. 2019). Further, Plaintiff argues that Defendant committed equitable fraud by gaining an undue advantage by using the 1971 GAM table knowing it does not provide equivalent benefits. Doc. 20 at 25. Additionally, at least one court in this circuit have permitted cases in which the plans were alleged to be illegal. Pender v. Bank of Am. Corp., 269 F.R.D. 589 (W.D.N.C. 2010). Finally, in similar cases, courts have denied motions to dismiss reformation claims. Smith, 2020 WL 620221 at *10. The Court **FINDS** that Plaintiff has plausibly stated a claim in Count 2.

As to Count 3, the Court **FINDS** that Plaintiff stated a claim. Plaintiff has alleged that Defendants have administered a plan in a manner that is inconsistent with ERISA. The fiduciary had the authority, under the Plan, to determine what benefits Plaintiff could receive. Doc. 11-1 at 18. Nevertheless, Defendants continued to administer the Plan under the 1971 data. Under similar circumstances, courts have refused to dismiss breach of fiduciary claims. E.g., Smith, 2020 WL 620221 *10; Torres, 4:18-cv-983, Doc. 31, at 16.

Defendants have raised time-bar defenses as well and ask the Court to consider them on its motion to dismiss. The Court will not consider those affirmative defenses at this stage of the case. See Brooks v. City of Winston-Salem, 85 F.3d 178,181 (4th Cir. 1996); Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).

### III. CONCLUSION

Accordingly, the motion to dismiss is **DENIED**.

The Clerk is **REQUESTED** to distribute a copy of this Order to counsel of record.

It is **SO ORDERED**.

Norfolk, Virginia
February 20, 2020

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE