

FILED
FEB 2 5 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5,<br><br>Defendants. | Civil Action No.: 4:19-cv-00052-RBS-DEM<br><br><br><br><br><br><br><br>CLASS ACTION |

## ORDER CERTIFYING CLASS

On December 13, 2019, Plaintiff and Proposed Class Representative Roger A. Herndon ("Plaintiff") filed a motion to certify a class pursuant to Rules 23(a) and either 23(b)(1) or 23(b)(2) of the Federal Rules of Civil Procedure. ECF No. 46. Plaintiff supported the motion with a Memorandum of Law and declarations by proposed counsel, the proposed class representative and an actuary retained by Plaintiff, as well as additional documents. ECF Nos. 46-1 – 46-9 and 47.

On January 17, 2020, the Parties filed a Stipulation Regarding Class Certification and Adjudication of Plaintiff's Claims on a Class Basis. ECF No. 48 (the "Stipulation"). The Parties' Stipulation provides as follows:

1. The Class may be certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure with respect to the three claims asserted in the Complaint that are enumerated and articulated in the Stipulation.

2. The Class shall be defined as and shall consist of:

All participants or beneficiaries of the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement, who began receiving pension benefits in the form of a joint and survivor annuity during the Class Period, which shall be defined as May 20, 2013 through January 17, 2020. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

3. Regarding the Class:

　　a. The members of the Class number more than a thousand individuals and are so numerous that joinder of all members is impracticable.

　　b. Common questions of law and fact exist with respect to all members of the Class including questions as to: (1) whether the mortality and interest assumptions used by the Plan during the class period to calculate joint and survivor benefits for Plan participants and beneficiaries are reasonable, to the extent required by law; (2) whether Defendants breached any applicable fiduciary duties under ERISA; and (3) whether the members of the Class suffered damages from these alleged breaches and, if so, how to calculate such damages.

　　c. Plaintiff's claims are typical of the Class claims in that, among other things, he was a participant in the Plan during the relevant time period and his alleged injuries arise from the same practice or course of conduct as do the alleged injuries of the members of the Class.

4. Plaintiff is committed to fairly, adequately and vigorously representing and protecting the interests of the members of the Class, does not have any interests that might cause him to refrain from vigorously pursuing the claims specified herein, and, as a result, is adequate to represent the Class.

5. Plaintiff has retained counsel competent and experienced in class action litigation of this nature for this purpose, and Plaintiff's counsel does not have any interests that might cause them to refrain from vigorously pursuing claims in this class action and, as a result, Plaintiff's

counsel (Izard, Kindall & Raabe, LLP and Bailey & Glasser LLP) are adequate to represent the Class pursuant to Fed. R. Civ. P. 23(g).

6. Certification of the Class's claims for relief as specified herein are appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of non-party Class members.

7. The Stipulation does not waive any affirmative defenses the Defendants may have or will assert as to any member of the Class. Any waiver of affirmative defenses deemed to be made by virtue of this Stipulation shall be consistent with, and limited by, the terms of this Stipulation.

8. The Stipulation is without prejudice to Defendants' ability to seek decertification or modification of the class at or after trial on the grounds that the evidence or arguments that Plaintiff advances and relies upon at trial makes it inappropriate for the Court to impose a judgment for or against all class members simultaneously. Nothing in this paragraph precludes Plaintiff from opposing the foregoing on any grounds.

*See* Stipulation [ECF No. 48].

For good cause shown, it is hereby **ORDERED** that the parties' stipulation [ECF No. 48] is **APPROVED**. WHEREFORE, the Court hereby:

(1) certifies the proposed Class pursuant to Rules 23(a) and Rule 23(b)(1);

(2) appoints Roger A. Herndon as Class Representative; and

(3) appoints Izard, Kindall & Raabe, LLP and Bailey & Glasser LLP as Co-Lead Counsel for the Class.

By virtue of the Court's order, Plaintiff's Motion for Class Certification [ECF No. 46] is **DENIED AS MOOT.**

/s/ *[signature]*
Rebecca Beach Smith
Senior United States District Judge

2-25-20
Date

HON. REBECCA BEACH SMITH
SENIOR U.S. DISTRICT JUDGE