**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5,<br><br>Defendants. | Civil Action No.: 4:19-cv-00052-HCM-DEM<br><br>CLASS ACTION |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff respectfully files this Motion under Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of a Class Settlement, as well as approval of Class Notice and Scheduling of Final Approval Hearing.

1. This action was originally filed in this Court on May 20, 2019.

2. The Employee Retirement Income Security Act of 1974 ("ERISA") requires that pension benefits in the form of a Joint and Survivor Annuity ("JSA"), which provides benefits for the life of the participant and beneficiary, or a Pre-Retirement Survivor Annuity ("PSA"), which provides survivor benefits to a retiree's beneficiary, be "actuarially equivalent" to the retiree's single-life annuity ("SLA"). This case is about whether the Huntington retirement plan at issue in this case (the "Covered Plan")[1] complied with those requirements.

[1] The Covered Plan is the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective

3. On February 25, 2020, the Court certified a Class under Rule 23(b)(1) defined as follows:

> All participants or beneficiaries of the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport news Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement, who began receiving pension benefits in the form of a joint and survivor annuity during the Class Period, which shall be defined as May 20, 2013 through January 17, 2020. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

Dkt. 76, at 2.

4. The Parties participated in a Settlement Conference with Magistrate Judge Miller on June 14, 2021, but were unable to reach a Settlement during that Conference. The Parties participated in a second Settlement Conference with Magistrate Judge Miller on September 8, 2021, during which the Parties reached an agreement in principle with respect to the amount of the Settlement and other key issues related to the structure of a Settlement Agreement. The Parties subsequently negotiated the details of the settlement, resulting in the execution of the final version of the Settlement Agreement on November 11, 2021.

5. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case and preliminary approval of the Settlement is in the best interests of the Class Members. The details of the Settlement are contained within Exhibit A. In general terms, the settlement provides that Defendant will pay additional benefits, with an estimated present value of $2.8 million, to Class Members alleged to have been negatively impacted in the calculation of their benefits.

---

Bargaining Agreement, who began receiving pension benefits in the form of a JSA during the Class Period.

6. Under Rule 23(e)(1)(B), a court should grant preliminary approval and order notification to the class if it determines that it "will likely be able to" approve the settlement. Fed. R. Civ. P. 23(e)(1). Determining whether the court will "likely" be able to approve the Settlement requires a preliminary consideration of the final approval factors set out in Rule 23(e)(2) to help assess whether the settlement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(1)(B)(i) and 23(e)(2).

7. Although the factors cited in Rule 23(e)(2) "apply to final approval, the Court looks to them to determine whether it will likely grant final approval based on the information currently before the Court." *Id*. (citing Fed. R. Civ. P. 23(e)(2). Those factors are:

(A) the class representatives and counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

8. The Settlement reached between the Parties here more than satisfies this standard given the significant nature of the case and the result reached by the Plaintiff. Preliminary

approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

9. Plaintiff also submits to the Court a Memorandum in Support of this Motion, as well as Declarations of the Class Counsel. Defendants are not submitting a Memorandum addressing the Motion.

WHEREFORE, Plaintiff requests the following:

- That the Court enters an Order granting its preliminary approval of the Settlement Agreement in the form attached to the Settlement Agreement;
- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, and order such objections, if any, be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice;
- That the Court schedule a Final Approval Hearing for the purpose of receiving evidence, argument, and any objections relating to the Parties' Settlement Agreement; and

  That following the Final Approval Hearing, the Court enter an Order granting final approval of the Parties' Settlement and dismissing the Action with prejudice.

Dated: November 12, 2021

Respectfully submitted,

**Roger A. Herndon**

*/s/ Gregory Y. Porter*
**BAILEY & GLASSER LLP**
Gregory Y. Porter (VSB # 40408)
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103
Email: gporter@baileyglasser.com

Mark G. Boyko (*pro hac vice*)
**BAILEY & GLASSER LLP**
34 N. Gore Ave., Suite 102
Webster Groves, MO 63119
Tel: (314) 863-5446
Fax: (314) 863-5483
Email: mboyko@baileyglasser.com

**IZARD, KINDALL & RAABE LLP**
Robert A. Izard (*pro hac vice*)
Mark P. Kindall (*pro hac vice*)
Douglas P. Needham (*pro hac vice*)
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
Email: rizard@ikrlaw.com
Email: mkindall@ikrlaw.com
Email: dneedham@ikrlaw.com

**Attorneys for Huntington Ingalls Industries, Inc., and the HII Administrative Committee**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November 2021, I caused a copy of the foregoing to be electronically filed using the Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Gregory Y. Porter*
Gregory Y. Porter (VA 40408)