**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

|  |  |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated, | Civil Action No.: 4:19-cv-00052-RCY-LRL |
| Plaintiff, | |
| vs. | |
| Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5, | |
| Defendants. | CLASS ACTION |

<u>Declaration of Douglas P. Needham</u>

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated, | Civil Action No.: 4:19-cv-00052-RCY-LRL |
| Plaintiff, | |
| vs. | |
| Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5, | |
| Defendants. | CLASS ACTION |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement," "Settlement Agreement," or "Agreement"), dated November 11, 2021, is made and entered into by and among (i) Plaintiff Roger Herndon ("Plaintiff"), on behalf of himself and each member of the Class ("Class Members"), by and through counsel for Plaintiff and the Class ("Class Counsel"), and (ii) Huntington Ingalls Industries, Inc. ("HII") and the HII Administrative Committee  (collectively, "Defendants"), subject to the approval of the United States District Court for the Eastern District of Virginia, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

This Settlement is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims against Defendants and the Related Parties and result in the complete dismissal of this Action with prejudice, upon and subject to the terms and conditions herein.

### WHEREAS:

**A.** On May 20, 2019, Plaintiff filed a class action complaint in the United States District Court for the Eastern District of Virginia asserting various claims for relief under the

Employee Retirement Income Security Act of 1974, as amended ("ERISA") on behalf of a putative class of certain participants and beneficiaries in the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement (the "Covered Plan").  ECF No. 1.  In his Complaint, Plaintiff challenged the actuarial assumptions used by the Covered Plan to convert Single Life Annuities into alternative forms of payment, including Joint and Survivor Annuities and Pre-Retirement Survivor Annuities.

     **B.**     On June 27, 2019, Defendants filed their Motion to Dismiss the Complaint. ECF No. 10.  The Court orally denied Defendants' Motion at a hearing on February 18, 2020, with the decision memorialized in a written order on February 20, 2020.  ECF No. 73.

     **C.**     While the Motion to Dismiss was still pending, the Court entered a scheduling order (the "Scheduling Order") pursuant to Fed. R. Civ. P. 26(f).  ECF No. 27.

     **D.**     In accordance with the Scheduling Order, the Parties engaged in fact and expert discovery, which included the production of internal HII documents, emails and data, the deposition of HII executives and of Plaintiff Roger Herndon, the exchange of expert reports, and the depositions of the Parties' respective experts.

     **E.**     Plaintiff proffered an actuarial expert who opined that the actuarial assumptions used by the Covered Plan to convert Single-Life Annuities into Joint and Survivor Annuities did not result in Joint and Survivor Annuity benefits that were actuarially equivalent to the Single-Life Annuities Class Members could have selected at retirement.  Plaintiff's expert opined that, in order to provide an actuarially equivalent benefit, the Covered Plan should have used actuarial assumptions concerning mortality and interest rates that were reasonable as of Class Members' annuity start dates.  Plaintiff's expert also opined on actuarial assumptions that would have been reasonable for each year during the Class Period.

**F.** Defendants proffered an expert who opined that the actuarial assumptions used by the Covered Plan to convert Single-Life Annuities into Joint and Survivor Annuities resulted in reasonable Joint and Survivor Annuities that were within the range of actuarially equivalent benefits. Defendants' expert opined that, at all times during the Class Period, the Joint and Survivor Annuities offered by the Covered Plan were at least actuarially equivalent to Single-Life Annuities using reasonable actuarial assumptions.

**G.** Plaintiff filed his Motion for Class Certification on December 13, 2019. ECF No. 46. On January 17, 2020, the Parties filed a stipulation that the claims set forth in the Motion for Class Certification were appropriate for certification under Rule 23. ECF No. 48. Accordingly, on February 25, 2020, the Court certified a Class under Fed. R. Civ. P. 23(b)(1) defined as follows:

> All participants or beneficiaries of the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement, who began receiving pension benefits in the form of a joint and survivor annuity during the Class Period, which shall be defined as May 20, 2013 through January 17, 2020. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

ECF No. 76, at 2.

**H.** After the completion of expert discovery, Defendants filed, *inter alia,* their Motion for Summary Judgment and their Motion to Exclude Plaintiff's Expert (ECF Nos. 53 and 78), while Plaintiff filed, *inter alia,* his Motion to Exclude Defendants' Expert (ECF No. 61). All motions were fully briefed and argued on July 24, 2020. ECF No. 103.

**I.** On August 28, 2020, Magistrate Judge Miller issued a Report and Recommendation on the pending motions, recommending that all three motions be denied. ECF No. 106. Defendants filed their Objections to the Report and Recommendation on September 11, 2020 (ECF No. 108), which the Court overruled on September 29, 2020, adopting and approving Magistrate Judge Miller's Report and Recommendation in full (ECF

No. 113).  At a subsequent status conference on January 25, 2021, the Court set the case for a bench trial beginning on November 8, 2021.  ECF No. 114.  The Court also set a date for a Settlement Conference with a Magistrate Judge.  *Id.*

    **J.**      The Parties participated in a Settlement Conference with Magistrate Judge Miller on June 14, 2021.  The Parties were unable to reach agreement on a Settlement during that Conference.

    **K.**      The Parties participated in a second Settlement Conference with Magistrate Judge Miller on September 8, 2021, during which the Parties reached an agreement in principle with respect to the amount of the Settlement and other key issues related to the structure of a Settlement Agreement.

    NOW, THEREFORE, the Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be fair and reasonable, and intending to be legally bound, do hereby mutually agree as follows, subject to Court approval:

**I.**    **Definitions**

    For purposes of this Settlement Agreement, the following terms, when used in capitalized form, will have the meanings indicated below.  Occasionally, a term may be defined in this or another section of the Agreement by putting quotation marks around the term and placing the term in a parenthetical following its definition or by putting quotation marks around the term within a sentence defining the term; a term defined in this manner is considered to be defined in this Section I.

    **A.**      "Action" means the class action pending in this Court under the caption *Herndon v. Huntington Ingalls Industries, Inc.*, Case No. 4:19-cv-00052-RCY-DEM (E.D. Va., Newport News Div.).

**B.** "Annuitization Assumptions" means (a) the substitute mortality table applicable to the Covered Plan approved by the Internal Revenue Service on April 3, 2019, modified to be a unisex table weighted 86% male, 14% female for participants, and 14% male, 86% female for beneficiaries; and (b) interest using the segment rates of 4.75% for the first segment rate, 5.18% for the second segment rate, and 5.92% for the third segment rate.

**C.** "Annuity Start Date" means (i) for a Participant Class Member or a Surviving Spouse Class Member, the date he or she began receiving annuity benefit payments from the Covered Plan; and (ii) for a Beneficiary Class Member, the date the Beneficiary Class Member's Associated Participant began receiving annuity benefit payments from the Covered Plan.

**D.** "Associated Beneficiary" shall mean the person a Participant Class Member has designated to receive a contingent annuity under the Covered Plan.

**E.** "Associated Participant" shall mean the Covered Plan Participant who designated a Beneficiary Class Member to receive a contingent annuity under the Covered Plan.

**F.** "Beneficiary Class Member" is the Associated Beneficiary of a deceased Participant Class Member.

**G.** "Benefit Increase Payment Date" shall mean a date no later than the first day of the first calendar month that is at least one hundred and twenty (120) days after Final Approval.

**H.** "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as amended.

**I.** "Claims" means any and all actions, causes of action, claims, demands, liability, obligations, promises, rights, and suits whatsoever, whether arising under federal, state, local, or foreign law, whether based on statute, ordinance, regulation, constitutional provision, common law, contract, the terms of any of the Covered Plans, or any other source (including

5

but not limited to ERISA), whether past, present, or future, known or unknown, asserted, or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated.

J.      "Class" means the Class certified by the Court pursuant to Fed. R. Civ. P. 23(b)(1) on February 25, 2020.

K.      "Class Counsel" means the law firms of Izard, Kindall & Raabe LLP and Bailey & Glasser LLP.

L.      "Class Member" means a member of the certified class.

M.      "Clerk of Court" means the Clerk of the United States District Court for the Eastern District of Virginia.

N.      "Client Contribution Award" shall have the meaning ascribed to it in Section II(E), *infra*.

O.      "Complaint" means the Complaint filed in this Action, located at ECF No. 1.

P.      "Covered Plan" means the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement.

Q.      "Court" means the United States District Court for the Eastern District of Virginia.

R.      "Court of Appeals" means the United States Court of Appeals for the Fourth Circuit.

S.      "Current Monthly Benefit" means the monthly benefit amount that a Deceased Class Member received before his or her death, and that all other Class Members are scheduled to receive as of December 31, 2021.

T.      "Deceased Class Members" means the Class Members who are not receiving monthly pension benefits when the Covered Plan begins paying additional benefits under the Settlement because of their death, and includes: (a) a Participant Class Member, when both the

Participant and the Participant's Beneficiary are deceased; (b) a Beneficiary Class Member when that Class Member is deceased; and (c) a Surviving Spouse Class Member, when the Surviving Spouse Class Member is deceased.

U.      "Defendants' Counsel" means the law firms of Alston & Bird LLP and McGuireWoods LLP.

V.      "Email Notice" means the short form of notice, substantially in the form shown in Exhibit 1, which will be sent to Class Members who have designated an email address as their method of receiving communications from the Covered Plan.

W.      "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

X.      "Estate Claim Form" means the document attached as Exhibit 2 hereto that the estate or heirs of Deceased Class Members must complete to receive the lump sum payment amount described in Section III(F), *infra*.

Y.      "Fees, Expenses and Costs Award" shall mean the award of attorneys' fees, expenses and costs to Class Counsel in accordance with the provisions of Section II(F), and the Client Contribution Award described in Section II(E), *infra*.

Z.      "Final" when referring to an order or judgment means: (1) that the time for appeal or appellate review of the Judgment has expired under applicable law, and no appeal has been taken; or (2) if there has been an appeal, (a) that appeal has been decided by all appellate courts without causing a material change in the order or judgment; or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

AA.      "Final Approval" of this Settlement occurs when the Judgment has been entered by the Court and either (1) the time for appeal or appellate review of the Judgment has expired under applicable law, and no appeal has been taken; or (2) if there has been an appeal, (a) that

7

appeal has been decided by all appellate courts without causing a material change in the Judgment; or (b) that the Judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

**BB.**    "Final Approval Hearing" means the hearing set by the Court in the Preliminary Approval Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to consider, among other things, approval of the Settlement.

**CC.**    "Gross Settlement Amount" shall mean $2.8 million.

**DD.**    "HII" refers to Huntington Ingalls Industries, Inc.

**EE.**    "Judgment" means an order and judgment, to be entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Agreement and the proposed Settlement embodied herein.

**FF.**    "JSA" means a "joint and survivor annuity," *i.e.*, a monthly annuity for the life of the participant with a monthly survivor annuity (following the participant's death) for the life of the participant's beneficiary (if the beneficiary survives the participant) which is not greater than 100% of the amount of the monthly annuity payable during the joint lives of the participant and the beneficiary.

**GG.**    "Monthly Benefit Increase" shall mean the increase to each Class Member's Current Monthly Benefit under the Settlement, calculated in accordance with Section III(B), *infra.*

**HH.**    "Net Settlement Amount" shall mean the Gross Settlement Amount minus the total amount of the Fees, Expenses and Costs Award.

**II.**    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit 3, which is to be sent to members of the Settlement Class.

**JJ.**    "Participant Class Member" is a participant in the Covered Plan who began receiving benefits in the form of a JSA during the Class Period.

**KK.**    "Parties" means, collectively, (1) Defendants and (2) Plaintiff, by and through his attorneys, on behalf of himself and the Settlement Class.

**LL.**    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit 4, to be entered by the Court preliminarily approving the Settlement; approving the contents and method of distribution of the Notice; and scheduling a Final Approval Hearing.

**MM.**    "PSA" means a "preretirement survivor annuity," *i.e.*, an annuity (i) that is paid in respect of a participant who dies before he or she begins to receive benefits from the Covered Plan; (ii) that is paid to the surviving spouse of that participant in a Covered Plan for the life of the surviving spouse; and (iii) that is calculated as the survivor annuity component of a hypothetical JSA that would have been payable to the participant if he or she had begun to receive benefits from the Covered Plan prior to his or her death (with the SLA to which such participant would have been entitled being converted to such JSA).

**NN.**    "Recalculated Benefit Amount" refers to the sum of the Class Member's Current Monthly Benefit and his or her benefit increase under the settlement.  In no case shall a Class Member's Recalculated Benefit Amount be less than the Class Member's Current Monthly Benefit.

**OO.**    "Related Parties" include the Defendants and all of the officers, directors, employees, agents, attorneys, actuaries, members, managers, advisors, insurers, trustees, administrators, service providers, and fiduciaries of HII, the Covered Plan or the Defendants, and the predecessors, successors, assigns, family members, heirs, executors, trustees, representatives, and administrators of any of the foregoing.

9

**PP.**     "Released Claims" are those Claims that are released by the Settlement in accordance with the provisions of Section IV(A), *infra*.

**QQ.**     "Released Parties" shall include the Defendants and Related Parties.

**RR.**     "Settlement Amendment" shall mean the amendment to the Covered Plan described in Section III(A), *infra*.

**SS.**     "Settlement Assumptions" means (a) the substitute mortality table applicable to the Covered Plan approved by the Internal Revenue Service on April 3, 2019; and (b) interest using the segment rates of 4.75% for the first segment rate, 5.18% for the second segment rate, and 5.92% for the third segment rate.

**TT.**     "SLA" means a "single life annuity," *i.e.*, a monthly annuity for the life of an individual, with no benefit payable following that individual's death.

**UU.**     "Supreme Court" means the United States Supreme Court.

**VV.**     "Surviving Spouse Class Member" is a person who began receiving PSA benefits from the Covered Plan during the Class Period.

## II.     Procedures

**A.     Motion for Preliminary Approval.**   Promptly after the execution of this Agreement, Plaintiff, by and through Class Counsel, with Defendants' consent, shall submit to the Court a copy of this Agreement, together with the exhibits hereto, and move the Court for entry of the Preliminary Approval Order, that provides for, among other things:

1.     Preliminary approval of this Settlement Agreement under Federal Rule of Civil Procedure 23(e);

2.     Approval of the contents and method of distribution of the Notice; and

3.     Scheduling a Final Approval Hearing.

**B.     Notice.**

1.      No later than ten (10) days after the filing of this Agreement with the Court, Defendants shall arrange for effective service of a Notice of the Settlement on the appropriate federal and state officials that meets the requirements of the CAFA.  All costs associated with providing notice pursuant to CAFA shall be borne by Defendants.

2.      After the entry of the Preliminary Approval Order, Defendants will notify Settlement Class Members of the proposed Settlement, of the date and time of the Final Approval Hearing, and of their right to object to this Agreement, any award of attorneys' fees and costs pursuant to this Agreement, and any Client Contribution Award.  Subject to Court approval, the Notice will be transmitted to Class Members by the method the Class Member has designated for receipt of communications from the Covered Plan, or by first class mail to the last known address of the Class Member that is maintained in the Covered Plan's records if the Class Member has not designated any method.  For Deceased Class Members, the Notice will be sent to the last address maintained by the Covered Plan for the Deceased Class Member.

3.      Class Members who have designated an email address as their method of receiving communications from the Covered Plan will be sent the Email Notice, substantially in the form of Exhibit 1, which will include links to the Settlement website where Plaintiff will post the full Notice and other Settlement-related documents.  Class Members who receive notice by first class mail will be sent the Notice, substantially in the form of Exhibit 3

4.      Defendants will send the Email Notice and mailings of the Notice to Settlement Class Members within forty-five (45) days after entry of the Preliminary Approval Order, or such other date as the Court may set in a Preliminary Approval Order.  In the event that a notice is returned as undeliverable, Defendants will use commercially reasonable means to find a current address and re-send the Notice.

C.      **Costs of Notice.**  Defendants will pay the cost of Notice.

**D.      Entry of Judgment.**  At the Final Approval Hearing, Plaintiff will request that the Court issue an order:

      1.      entering the Judgment;

      2.      awarding attorneys' fees, expenses, and costs to Class Counsel consistent with the terms of this Agreement; and

      **3.**      granting a Client Contribution Award to Plaintiff consistent with the terms of this Agreement.

**E.      Client Contribution Award.**  At the Final Approval Hearing, Class Counsel will petition the Court for a client contribution award (the "Client Contribution Award") to be paid to Plaintiff in the amount of $10,000.  The Client Contribution Award will reduce the present value of the Settlement amount to be paid to Class Members in the form of annuity payments.

**F.      Payment of Attorneys' Fees, Expenses and Costs Award.**

      **1.**      At the Final Approval Hearing, Class Counsel will petition the Court for a lump-sum award of reasonable attorneys' fees equal to 25% of the Gross Settlement Amount, plus reimbursement of litigation expenses and costs.  The attorneys' fees, expenses and costs awarded by the Court will reduce the present value of the Settlement amount to be paid to Class Members in the form of annuity payments.

      **2.**      The Settlement is not contingent upon the Court approving the Fee, Expense and Cost Award that Class Counsel will request in accordance with paragraph 1 above.

      **3.**      Within thirty (30) days of Final Approval, Defendants will wire to one or more accounts specified by Class Counsel an amount equal to the Court's award of attorneys' fees, expenses and costs and the Client Contribution Award (the "Fees, Expenses and Costs Award").

G. **Termination Rights.** Defendants and Plaintiff shall have the right to terminate the Settlement by providing written notice to the other of the election to do so within thirty (30) days of the date on which any of the following occurs: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve the Settlement or any material term hereof; (c) the Court declines to enter the Judgment in any material respect; or (d) the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Notwithstanding the foregoing, any decision by the Court or the Court of Appeals with respect to an application for attorneys' fees or costs shall not be considered material to this Settlement and shall not be grounds for termination. The termination rights set forth herein are not intended to limit or impair the Parties' rights under the law of contracts of the Commonwealth of Virginia with respect to any breach of this Agreement.

### III.   Consideration.

A. **Plan Amendment.** Within sixty (60) days after Final Approval, the Covered Plan shall be amended (the "Settlement Amendment") to provide that, effective for payments on or after January 1, 2022, each Class Member is entitled to an increased monthly amount of a benefit, in the form of benefit in effect as of December 31, 2021, which will allocate the Net Settlement Amount among Class Members and/or their Associated Beneficiaries in proportion to the total value of their past and future pension benefit payments.

B. **Calculation of Monthly Benefit Increases:** Except for Deceased Class Members, discussed below, each Class Member shall receive an increase in his or her monthly benefits determined in accordance with the following steps:

(1) calculate the total amount of benefits paid to each Class Member and/or his or her Associated Participant, including interest at 4.5% annually from the date each benefit

was paid, from the beginning of the Class Period until January 1, 2022 (the "Past Benefit Amount");

(2) calculate the value of the Past Benefit Amount if paid as a monthly benefit in the same form (*e.g.,* a 50 or 75% JSA) as the Class Member is currently receiving using the Annuitization Assumptions (the "Adjusted Past Benefit");

(3) The Monthly Benefit Increase is the Settlement Percentage multiplied by the sum of (a) the Adjusted Past Benefit and (b) the Currently Monthly Benefit. The Settlement Percentage is calculated by dividing the Net Settlement Amount by the sum of (i) the Past Benefit Amounts of all Deceased Class Members, (ii) the present value as of January 1, 2022 of the Adjusted Past Benefits for all Class Members and/or Associated Participants (other than Deceased Class Members), and (iii) the present value of all future benefit payments owed to Class Members (before the increase contemplated by this Agreement) as of January 1, 2022 (with (ii) and (iii) calculated using the Settlement Assumptions).

  **C.**  **Timing of Benefit Increase.** The Settlement Amendment shall provide that any increase in benefits on account of the Settlement Amendment shall begin to be paid no later than the first day of the first calendar month that is at least one hundred and twenty (120) days after Final Approval (the "Benefit Increase Payment Date"), and shall include a lump sum equal to the sum of such increases in monthly payments due from January 1, 2022 until the Benefit Increase Payment Date (provided that no interest is required for such period).

  **D.**  **QDROs.** Notwithstanding the foregoing, the amount actually payable to a Class Member following approval of the settlement is subject to the terms of any Qualified Domestic Relations Order ("QDRO") with respect to division of benefits between the Participant and the QDRO's alternate payee.

E.     **Calculation of Benefits Upon the Death of a Participant Class Member**. Upon the death of a Participant Class Member, the amount of the survivor annuity payable to the Participant Class Members' beneficiary, if any, shall be determined using the Class Members' Recalculated Benefit Amount in a manner consistent with the terms of the Covered Plan.

F.     **Calculation of Benefits for Deceased Class Members**.  Upon the completion and return of an Estate Claim Form attached hereto as Exhibit 2 ("Estate Claim Form"), the Covered Plan shall pay the estate of a Deceased Class Member (the participant or beneficiary, whichever is most recently deceased) a lump sum amount equal to the Class Member's Past Benefit Amount multiplied by the Settlement Percentage.  The Claim form must be returned to Defendants by no later than six months from the date of Final Approval.

### IV.     Releases

### A.     Released Claims

This Agreement and the Judgment shall fully and finally release any and all Claims against Defendants and the Related Parties (collectively, the "Released Parties").   The Judgment shall also provide for the dismissal with prejudice of the Action against Defendants, without costs to any Party, except for the payments expressly provided for herein.

Upon entry of the Judgment by the Court, Plaintiff and each Settlement Class Member shall be deemed to forever release and discharge the Released Parties from any and all Claims arising on or before January 17, 2020 that were brought, or could have been brought, arising out of, or relating to, the allegations in the Complaint.  For the avoidance of doubt, a Claim arises on or before January 17, 2020 if a Class Member's benefit amount is determined as of January 17, 2020 or earlier, even as to monthly payments made after January 17, 2020. "Released Claims" do not include claims by Class Members (other than Plaintiff) that are not or could not be related to the allegations in the Complaint.

**B.      Covenant Not to Sue.**  Plaintiff expressly agrees that he, acting individually or in combination with others, will not institute, maintain, prosecute, sue, or assert in any action or proceeding any Released Claim.

**C.      Acknowledgement of Release of Unknown Claims.**  Plaintiff and Settlement Class Members expressly acknowledge certain principles of law applicable in some states provide that a release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.  Plaintiff and Settlement Class Members hereby knowingly and voluntarily waive and relinquish the protections of any such principles of law or provisions.

**D.      Action to Enforce Agreement.**  Nothing herein will preclude an action to enforce the terms of this Agreement.

**E.      No Admission of Wrongdoing.**  Whether or not the Settlement, as embodied in this Agreement, is approved by the Court, and whether or not this Settlement is consummated, the fact and terms of this Settlement, including the exhibits and appendices attached hereto, the settlement embodied within it, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection therewith:

1.      shall not be offered or received against Defendants or Released Parties as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or Released Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any Claim that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of Defendants or the Released Parties;

2.      shall not be offered or received against Defendants or the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, Defendants and the Released Parties may refer to this Settlement to effectuate the protection from liability granted to them hereunder;

3.      shall not be construed against Defendants or the Released Parties as an admission or concession that the consideration provided hereunder represents what could be or would have been recovered after trial; and

4.      shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff or the other Settlement Class Members that any of their claims are without merit or that relief recoverable under the Complaint would not have exceeded the consideration provided by this Agreement.

## V.      Miscellaneous

**A.      Purpose of Settlement.**  This Settlement Agreement is being entered into by the Parties solely to settle and compromise any and all disputes among the Parties as described more fully herein.  This Agreement will not be construed or characterized, publicly or privately, by anyone as an admission of liability of any kind by the Defendants.

**B.      Cooperation Among the Parties.**  The Parties will cooperate fully with each other and will use their best efforts to obtain, and will not engage in any conduct to prevent, Court approval of this Agreement and all of its terms.  The Parties will use their best efforts to implement the Agreement thereafter.   Notwithstanding the foregoing, nothing in this

17

Settlement shall preclude Defendants from objecting to Plaintiff's motion for attorneys' fees, expenses or costs or to Plaintiff's motion for a Client Contribution Award.

**C.      Responsibility for Inquiries of Settlement Class Members Regarding Benefits.**  Any Party may respond to questions from any Settlement Class Member concerning that Settlement Class Member's benefit under this Settlement Agreement.  The responses provided to such questions will not create or establish any liability on the part of the Covered Plan, Defendants, or the Released Parties that is not expressly specified in this Agreement.

**D.      Modifications.**  The Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their successors-in-interest.

**E.      Binding Effect of the Agreement.**  The terms and provisions of this Agreement shall be binding upon and inure to the benefit of each of the Parties and the Related Parties and each of their respective predecessors, successors, beneficiaries, joint annuitants, estates, legal representatives, heirs, assigns, and any other individual or entity who could make a claim through them.

**F.      Multiple Originals/Counterparts.**  The Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile or by a .pdf image of the signature transmitted by email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

**G.      Authority of Persons Signing the Agreement.**  The individuals executing this Agreement for the Parties represent and warrant that they do so with full authority to bind each such party to the terms and provisions in this Agreement.

**H.      Entire Agreement.**  This Settlement Agreement, and the exhibits and appendices hereto, is the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings.  The Parties acknowledge,

18

stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of this Agreement has been made or relied upon except to the extent expressly set forth in this Agreement.

      **I.**      **Arm's Length Transaction.**  The Parties agree that they have negotiated all terms and conditions of this Settlement Agreement at arm's length.

      **J.**      **No Third-Party Beneficiaries.**  This Settlement Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation, or undertaking established herein to, any third party as a beneficiary to this Agreement, except for the Released Parties.

      **K.**      **Costs.**  Apart from the specific costs and duties assigned to each Party in this Agreement, the Parties hereby each agree to bear their own costs and expenses incurred in connection with the Action and this Agreement.

      **L.**      **Section Titles.**  The headings in this Agreement are inserted as a matter of convenience only, and do not define, limit, or describe the scope of the Agreement or the intent of the provisions.

      **M.**      **No Presumption Against Drafter.**  None of the Parties shall be considered to be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

      **N.**      **Waivers.**  The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous to this Agreement.

      **O.**      **Remedy for Breach.**  After entry of the Final Judgment, the only remedy for a breach of this Agreement will be to petition the Court for specific performance and/or compensatory damages for the breach, as may be available under applicable law.

**P.     Extensions of Time.**  The Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Agreement, subject to approval by the Court.

**Q.     Severability.**  In the event that any one or more of the provisions contained in this Agreement shall, for any reason, be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall in no way affect any other provision if the Parties mutually elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement.

**R.     Tax Consequences.**  No opinion concerning the tax consequences of the Settlement to individual Class Members is being given or will be given by Defendants, Defendants' Counsel, or Class Counsel, nor is any representation or warranty in this regard made by virtue of this Agreement.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**S.     This Agreement Governs.**  To the extent there is any inconsistency between this Settlement Agreement and any notice or other communication, this Settlement Agreement shall govern and operate to define the rights and obligations of the Parties and the Released Parties.

**T.     Choice of Law.**  The Parties understand and agree that this Agreement, and any disputes arising out of this Agreement, shall be governed by, and construed in accordance with, the laws of the Commonwealth of Virginia, without reference to choice of law presumptions.

**U.     Court's Continuing Jurisdiction.**  Without altering the finality of any of the Court's orders and judgments, the Court shall retain exclusive jurisdiction over Plaintiff, Defendants, Class Members, and the Action with respect to matters arising out of or connected

with the Settlement, and may issue such orders as necessary to enforce or implement the terms of the Settlement.

      **V.**     **Notice to Parties.**  Except to the extent explicitly set forth in the Settlement, if any Party is required to give notice to any other Party under this Settlement, such notice shall be in writing and shall be deemed to have been duly given upon (a) receipt of hand delivery; (b) mailing by means of pre-paid, overnight courier delivery service, or (c) sending of electronic mail, provided that no rejection notice occurs and that identical notice is sent by U.S. mail, first-class postage pre-paid or pre-paid, overnight courier delivery service.  Notice shall be provided as follows:

If to Plaintiff or Class Counsel:                IZARD, KINDALL & RAABE LLP
                                                  29 S. Main Street, Suite 305
                                                  West Hartford, CT 06107
                                                  Attn:  Douglas P. Needham
                                                  dneedham@ikrlaw.com

If to Defendants or Defendants' Counsel     ALSTON & BIRD LLP
                                                    950 F Street NW
                                                    Washington, D.C. 20004-1404
                                                  Attn: Emily Seymour Costin
                                                  emily.costin@alston.com

**FOR PLAINTIFF ROGER HERNDON AND THE CERTIFIED CLASS:**


____11/11/2021____
Date

Mark P. Kindall
IZARD, KINDALL & RAABE, LLP
*Co-Class Counsel and Counsel for Plaintiff*


**FOR DEFENDANTS:**


_____
Date

William Ermatinger
Executive Vice President &
Chief Human Resources Officer
HUNTINGTON INGALLS INDUSTRIES, INC.

**FOR PLAINTIFF ROGER HERNDON AND THE CERTIFIED CLASS:**

_____          _____
Date                             Mark P. Kindall
                                 IZARD, KINDALL & RAABE, LLP
                                 *Co-Class Counsel and Counsel for Plaintiff*

**FOR DEFENDANTS:**

*November 11, 2021*
Date                             William Ermatinger
                                 Executive Vice President &
                                 Chief Human Resources Officer
                                 HUNTINGTON INGALLS INDUSTRIES, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated, | Civil Action No.: 4:19-cv-00052-RCY-LRL |
| Plaintiff, | |
| vs. | |
| Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5, | |
| Defendants. | CLASS ACTION |

<u>SETTLEMENT AGREEMENT</u>

# EXHIBIT 1

**Email Notice**

<u>Legal Notice</u>

# If You Are a Participant or Beneficiary of the "Legacy" Part of the Huntington Ingalls Industries, Inc., Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement (the "Covered Plan")

## A Proposed Class Action Settlement May Affect Your Rights

**You have *not* been sued.  A federal court authorized this notice.**

**This is not a solicitation.**
**A detailed Notice and more information is available at the Settlement website:**
**wwwHIIERISASettlement.com**

**What is the case about?**  Plaintiff Roger Herndon filed a class action lawsuit alleging that Huntington Ingalls Industries, Inc. ("HII") provided Participants of the Covered Plan with joint and survivor annuity ("JSA") and pre-retirement survivor annuity ("PSA") benefits that were not "actuarially equivalent" to single-life annuities participants could have taken at the time they started receiving benefits, as required by the federal pension law known as the Employee Retirement Income Security Act, or "ERISA."  The Defendants deny Plaintiff's claims, and the Court has not decided who is right.

**Who is affected?**  The Covered Plan's records show that you may be a member of the Class, which is defined as participants or beneficiaries of the Covered Plan who began receiving pension benefits in the form of a joint and survivor annuity during the period from May 20, 2013 through January 17, 2020.

**What are the settlement terms**?  The proposed Settlement provides that the Plan will pay the $2.8 million value of the Settlement, net of amounts awarded for Attorneys' Fees, Expenses and Costs, in the form of a Monthly Benefit Increase to be paid during the lifetimes of the Class Member participants and their designated beneficiaries.  Your share of the Net Settlement Value will be based on the value of your past and projected future benefits, compared to the value of *all* Class Members' past and projected future benefits.  Your share will then be annuitized and paid out over your lifetime (and, where applicable, over the lifetime of your designated beneficiary).  Class Members will release Defendants from Defendants and their Related Parties from any and all Claims arising on or before January 17, 2020 that were brought, or could have been brought, arising out of, or relating to, the allegations in the Complaint. This summary does not include all terms of the Settlement, which is available for review as described below.

**Where can I read the settlement?**  The proposed settlement, a detailed Court-approved Notice about the settlement, the final approval hearing, and your right to object, and other important documents, can be found on the Settlement website at **wwwHIIERISASettlement.com**, or you can request copies from Plaintiff's counsel by calling 1-860-493-6292, or sending an email to o.faircloth@ikrlaw.com.

**Your Rights May Be Affected.** If the Settlement is approved at the final approval hearing on **[DATE], 2022**, it will be binding on you. You cannot opt out of this Settlement. You can object to this Settlement by filing an objection by **[DATE], 2022**.  The detailed Notice available at the Settlement website explains how to object. The Court will hold a hearing on **[DATE], 2022,** to consider whether to approve the

Settlement. You may appear at the hearing, but you are not required to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT, as they cannot answer your questions.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated, | Civil Action No.: 4:19-cv-00052-RCY-LRL |
| Plaintiff, | |
| vs. | |
| Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5, | |
| Defendants. | CLASS ACTION |

<u>SETTLEMENT AGREEMENT</u>

# EXHIBIT 2

## Estate Claim Form

# ESTATE CLAIM FORM
# Huntington Ingalls Industries, Inc.

As a result of the settlement in *Roger A Herndon v. Huntington Ingalls Industries, Inc., et al.* the estate or heir(s) of the following deceased individual is entitled to a monetary payment (the "Benefit") from the Huntington Ingalls Industries, Inc., Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement (the "Pension Plan").

[Name]  ("Decedent")
Last known address:
{address}

This is a claim form for receipt of the Benefit. If you are the executor or an heir of the Decedent, please complete this form and return it to the Pension Center.  You can send it by mail or e-mail to addresses below. If you are not the executor or an heir, but have information that would assist the Pension Plan to locate the executor or heirs, we request that you contact the Pension Plan by mail, e-mail or telephone.

**HUNTINGTON INGALLS INDUSTRIES, INC.**
**PENSION CENTER**
**ADDRESS**
**ADDRESS**
**ADDRESS**
**PHONE NUMBER:**
**E-MAIL ADDRESS:**

1.      Please provide the following information about yourself.

| | |
|---|---|
| **NAME** | |
| **ADDRESS** | |
| **PHONE NUMBER** | |
| **EMAIL ADDRESS** | |

1

# ESTATE CLAIM FORM
## Huntington Ingalls Industries, Inc.

| | |
|---|---|
| **YOUR RELATIONSHIP TO THE DECEDENT** | ❑ Executor of Decedent's Estate * <br> ❑ Beneficiary of Decedent's Estate <br> ❑ Decedent's Spouse <br> ❑ Decedent's Child <br> ❑ Decedent's Sibling <br> ❑ Decedent's Parent <br> ❑ Other – please explain: |

\*  If you are the executor, please provide documentation showing that you are the executor, along with the Tax Identification Number of the estate. Please sign below and have your signature notarized, and return this claim form to the address shown above.

I certify under penalties of perjury that the information provided by me on this Information Form and the documents being provided to the Pension Plan are true and correct.

**Dated: _____, _____, 202___.**

_____
**Signature**

_____
**Print Name**

Sworn to before me this _____ day of _____, 202___

_____
Notary Public
My Commission expires _____ ___, 20___

    **If you are not the executor but have information that may assist the Pension Plan in locating the executor or heir(s), please provide any of the information below that you have.**

2.      Did the Decedent have a Will when he/she died?

# ESTATE CLAIM FORM
## Huntington Ingalls Industries, Inc.

_____ YES               _____ NO

3.      Was an estate created for the Decedent?

_____ YES               _____ NO

4.      Was an executor or administrator of the Decedent's estate appointed?

_____ YES               _____ NO

5.      Provide the following information about the executor:

| | |
|---|---|
| **NAME** | |
| **ADDRESS** | |
| **PHONE NUMBER** | |
| **EMAIL ADDRESS** | |

6.      If you have a Tax Identification Number for the Decedent's estate, provide it here:

_____.

7.      Please provide the following information about the Decedent's heirs under the Decedent's will.  If the Decedent did not have a will, the Decedent's heirs may be the spouse, or children, or children of deceased children, parents or siblings.

3

# ESTATE CLAIM FORM
## Huntington Ingalls Industries, Inc.

| NAME | RELATIONSHIP | CONTACT INFORMATION |
|------|--------------|---------------------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

8.    If the Decedent was married when he/she died and you are not the surviving spouse, is the Decedent's spouse still living?

_____ YES      _____ NO

9.    Did the Decedent have any children?

_____ YES      _____ NO

*If yes, please provide the following information for the Decedent's children.  Please provide as much information as possible.*

| NAME | RELATIONSHIP | CONTACT INFORMATION |
|------|--------------|---------------------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

10.    If the Decedent had no children, are the Decedent's parent(s) alive?

_____ YES      _____ NO

# ESTATE CLAIM FORM
## Huntington Ingalls Industries, Inc.

*\* If yes, please provide the full name, address, phone number and email address for the Decedent's living parent(s).  Please provide as much information as possible.*

| NAME | CONTACT INFO |
|------|-------------|
|      |             |
|      |             |

11.   If the Decedent had no children, or surviving parents, did the Decedent have any siblings?

_____ **YES**        _____ **NO**

*\* If yes, please provide the full name, address, phone number and email address for the Decedent's siblings.  Please provide as much information as possible*

| NAME | CONTACT INFO |
|------|-------------|
|      |             |
|      |             |
|      |             |
|      |             |
|      |             |

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated, | Civil Action No.: 4:19-cv-00052-RCY-LRL |
| Plaintiff, | |
| vs. | |
| Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5, | |
| Defendants. | CLASS ACTION |

<u>SETTLEMENT AGREEMENT</u>

# EXHIBIT 3

**Class Notice**

**United States District Court for the Eastern District of Virginia**

**PLEASE READ THIS NOTICE CAREFULLY. IT RELATES
TO THE PROPOSED SETTLEMENT OF A CLASS ACTION AND
CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

*A federal court has authorized this Notice.  This is not a solicitation from a lawyer.*

| | |
|---|---|
| **I.** | **What is this notice about?** |

You are receiving this notice because the records of Huntington Ingalls Industries, Inc. ("HII") indicate that you receive a monthly benefit payment under the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement (the "Covered Plan") and are a member of the Class (described below) in a lawsuit relating to this Covered Plan.  As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement").  **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement agreement if you disagree with its terms, and what deadlines apply.**

You do not need to do anything to be a part of the Class or, if the Settlement is approved, to receive a Monthly Benefit Increase (as described below) under the terms of the Settlement.[1]

| | |
|---|---|
| **II.** | **What is a class action lawsuit?** |

A class action lawsuit is a legal action in which one or more people represent a large group, or class, of people. The purpose of a class action lawsuit is to litigate at one time similar legal claims of the members of the group.

| | |
|---|---|
| **III.** | **What is this lawsuit about?** |

This class action lawsuit ("Action") was brought on behalf of certain participants, beneficiaries, and surviving spouses receiving benefits under the Covered Plan.  Roger Herndon ("Plaintiff") is the named plaintiff and Court-appointed representative of all members of the Class.

On May 20, 2019, Plaintiff sued HII and the administrator of the Covered Plan ("Defendants") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Plaintiff challenged the actuarial assumptions and factors used by the Covered Plan to convert single-life annuity ("SLA") benefits into alternative forms of payment, including joint and survivor annuity ("JSA").  In particular, Plaintiff alleged that the assumptions and factors used by the Covered Plan to convert SLAs into alternative forms of payment are outdated and do not provide participants with "actuarially equivalent" benefits, as required by law.  Plaintiff asserted that the Covered Plan should instead have calculated benefits using different actuarial assumptions.

| | |
|---|---|
| **IV.** | **Why is there a proposed settlement?** |

The Court has not decided in favor of either side in the Action. Plaintiff and Class Counsel believe the claims have merit.  Defendants deny all allegations of wrongdoing, fault, liability, or damage to the Plaintiff and the Class, deny that the actuarial assumptions or factors used by the Covered Plan to calculate benefits are in any way improper, and deny that any Class Member is receiving a benefit amount that is less than what he or she is entitled to receive.  Plaintiff and Defendants have agreed to settle in order to avoid the expense, inconvenience, and inherent risk of litigation with respect to the Action.

---

[1] All capitalized terms not defined in this Notice are defined in the Settlement Agreement.

Plaintiff and Class Counsel believe that the proposed settlement is in the best interest of the Class because it provides appropriate recovery for Class Members now, while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals, including the possibility of no recovery at all.

| V. | Who is in the Class? |
|---|---|

The Court has preliminarily certified a Class.  The Settlement will apply to—and will be binding on—the Class. The Class is defined as:

> All participants or beneficiaries of the "Legacy" part of the Huntington Ingalls Industries, Inc. Newport News Operations Pension Plan for Employees Covered by United Steelworkers Local 8888 Collective Bargaining Agreement, who began receiving pension benefits in the form of a joint and survivor annuity during the Class Period, which shall be defined as May 20, 2013 through January 17, 2020.  Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

Under this Class definition, a participant in the Covered Plan, or someone who is receiving a Preretirement Survivor Annuity from the Covered Plan, must have *started* to receive his or her benefits during the Class Period to be a Class Member.  For the beneficiary of a participant who received benefits from the Covered Plan to be a Class Member, the first payment of the joint benefit paid to the participant must have occurred during the Class Period.  Based on this definition, HII's records indicate that you are a member of the Class.

| VI. | What are the terms of the Settlement? |
|---|---|

The legal rights and obligations relating to the Settlement are set forth in the Settlement Agreement, dated xxx, 2021 (the "Settlement Agreement"), which is available at www.[URL].  The Settlement resolves all issues regarding the actuarial assumptions or factors used by the Covered Plan to convert SLAs to JSAs and PSAs.  The present value of the proposed Settlement – that is, its value in today's dollars – is approximately $2.8 million. The terms of the Settlement Agreement are summarized briefly below; you should review the Settlement Agreement itself for a complete and detailed statement of the terms of the Settlement.

### A.    Benefits to the Class

As discussed above, Plaintiff claimed that the actuarial assumptions and factors used to convert SLA benefits into JSA annuities under the Covered Plan were improper.  If the Settlement is approved by the Court, the Covered Plan will be amended to provide Class Members with increased monthly benefits.  The present value of the Settlement, $2.8 million, is approximately 34% of the amount of damages Plaintiff's actuarial expert estimated that the Class could obtain at trial.

The proposed Settlement provides that the Plan will pay the value of the Settlement, net of amounts awarded for Fees, Expenses and Costs discussed below, in the form of a Monthly Benefit Increase to be paid during the lifetimes of the Class Member participants and their designated beneficiaries ("Associated Beneficiaries").  Your share of the Net Settlement Value will be based on the value of your past and projected future benefits (including benefits either paid to your Associated Class Member Participant, if you are the beneficiary, or which may be paid to your Associated Beneficiary, if you are the Participant), compared to the value of *all* Class Members' past and projected future benefits.  Your share will then be annuitized and paid out over your lifetime (and, where applicable, over the lifetime of your designated beneficiary) as an increase to the amount of the benefit payment you already receive each month, in the benefit form that you already selected.  For example, if you are receiving a 50% JSA, your beneficiary will receive 50% of your Monthly Benefit Increase if he or she lives longer than you do, just as he or she would be entitled to receive 50% of your current monthly benefit.  Monthly Benefit Increases, like your current benefit payments, will be reduced by applicable adjustments (*e.g.*, for taxes).

Although each Class Member will be entitled a Monthly Benefit Increase for pension payments effective as of January 1, 2022, Class Members will not begin receiving any additional benefit under the Settlement until several months after the Settlement becomes Final.  The first monthly payment that reflects any additional benefit will include a lump sum amount for the amount of any increase from January 1, 2021 to the date of that first increased payment.

Finally, where **both** the Participant Class Member **and** his or her Associated Beneficiary have died prior to the first date on which Monthly Benefit Increases are to be paid under the Settlement, the Plan will make a lump sum payment to the estate (or heirs) of the Participant or Associated Beneficiary (whoever died later) upon receipt of a properly completed Estate Claim Form.  The payment will be calculated in the same way as benefits for Class Members who are still living, except that (a) the calculation will not include any value for future benefit payments; and (b) the payment will not be annuitized.

>        **B.        Release of Claims by the Class**

In exchange for benefits conferred by the Settlement, all members of the Class will release Defendants and their Related Parties from any and all Claims arising on or before January 17, 2020 that were brought, or could have been brought, arising out of, or relating to, the allegations in the Complaint.  For the avoidance of doubt, a Claim arises on or before January 17, 2020 if a Class Member's benefit amount is determined as of January 17, 2020 or earlier, even as to monthly payments made after January 17, 2020.  "Released Claims" do not include claims by Class Members (other than Plaintiff) that are not or could not be related to the allegations in the Complaint.

Pursuant to the Settlement Agreement, Class Members expressly agree that they, acting individually or in combination with others, will not institute, maintain, prosecute, sue, or assert in any action or proceeding any Released Claim.  The Release is set forth in full in the Settlement Agreement, which can be viewed online at www.[URL].

| **VII.        Who is representing the interests of Class Members?** |
| --- |

The Court has appointed the following lawyers ("Class Counsel") to represent the Class:

| | |
| --- | --- |
| Douglas P. Needham<br>Robert A. Izard<br>IZARD, KINDALL & RAABE, LLP<br>29 South Main Street, Suite 305<br>West Hartford, CT  06107<br>(860) 493-6292<br>dneedham@ikrlaw.com<br>rizard@ikrlaw.com | Mark G. Boyko<br>BAILEY & GLASSER LLP<br>8012 Bonhomme Avenue, Suite 300<br>St. Louis, MO 63105<br>(314) 863-5446<br>mboyko@baileyglasser.com<br><br>Gregory Y. Porter<br>BAILEY & GLASSER LLP<br>1055 Thomas Jefferson Street NW<br>Suite 540<br>Washington, DC 20007<br>202-463-2101<br>gporter@baileyglasser.com |

You do not need to hire your own lawyer because Class Counsel is working on your behalf and will seek final approval of the Settlement on behalf of the Class Members.  You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

| **VIII.        How will Class Counsel be paid?** |
| --- |

From the beginning of the case to the present, Class Counsel has not received any payment for their services in pursuing this case or in obtaining this proposed Settlement, nor have they been reimbursed for any out-of-pocket costs they have incurred.  Class Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement's $2.8 million present value, plus litigation expenses of approximately $320,000 and a client contribution award to the Lead Plaintiff of $10,000.  This Fee, Expense and Costs Award shall come out of, and reduce, the total present value of the Settlement payable to Class Members in the form of Monthly Benefit Increases.

The motion and supporting papers in support of the Fees, Expenses and Costs Award (including the Client Contribution Award), will be filed on or before [DATE].  After that date, you may review the motion and supporting papers at www.[URL].

| IX. | What is the Court's process for approving or rejecting the Settlement? |
|---|---|

The Court has granted preliminary approval of the proposed Settlement and has approved this Notice.  The Settlement will not take effect, however, until the Court approves the final Settlement, enters Judgment, and the Judgment becomes Final.  The Court will hold a Final Approval Hearing on [DATE], 2022 at [TIME].m., [which will take place by video conference/which will be held in Courtroom xx of the United States District Court for the Eastern District of Virginia, Newport News Division, 2400 West Avenue, Newport News, VA 23607].  The date and location of the Final Approval Hearing is subject to change by order of the Court, which will appear on the Court's docket for the case.

| X. | Can Class Members opt out of the Settlement? |
|---|---|

No.  The federal law that forms the basis for the claims in the case requires that, where appropriate, plan provisions be applied consistently with respect to similarly situated plan participants.  The Court has certified the class under a rule that does not permit class members to opt out.

| XI. | Can Class Members object to the Settlement? |
|---|---|

Yes.  Prior to the Final Approval Hearing, Class Members will have the opportunity to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, and to the proposed Fee, Expense and Costs Award.  To object, you must file your objection with the Court in writing, sent by first-class mail to the following address and serve a copy of your objection on the Parties' counsel.  The addresses for filing objections with the Court and for serving objections on counsel are as follows:

For Filing:

>       Clerk of the Court
>       United States District Court for the Eastern District of Virginia
>       Newport News Division
>       2400 West Avenue
>       Newport News, VA 23607
>       Re:  *Herndon v. Huntington Ingalls Industries, Inc.,* No. 4:19-cv-00052- RCY-LRL

To Class Counsel:

>       Douglas P. Needham
>       IZARD, KINDALL & RAABE LLP
>       29 S. Main Street, Suite 305
>       West Hartford, CT 06107
>       Tel.:  (860) 493-6294
>       Email:  dneedham@ikrlaw.com

To Defendants' Counsel:

>       Emily Seymour Costin
>       ALSTON & BIRD, LLP
>       950 F Street NW
>       Washington, D.C. 20004-1404
>       Tel.:  (202) 239-3695
>       Email:  emily.costin@alston.com

Objections must be received by the Court on or before [DATE], and must be served on counsel so that they are received on or before [DATE].  Service on counsel may be effected by email, but filing with the Court must be by first-class mail.

To be valid and considered by the Court, any written objection must state: (1) the name and case number of the Action: *Herndon v. Huntington Ingalls Industries, Inc.,* No. 4:19-cv-00052- RCY-LRL; (2) your name, address, and telephone number; and (3) each objection you are making, including any legal support and/or evidence you

wish to bring to the Court's attention or introduce in support of your objection(s).  If you so choose, you may file and serve your objection through counsel of your choice, and you (or your counsel) may appear at the final approval hearing.  If you decide to hire counsel (at your own expense), your attorney must file a notice of appearance with the Court no later than [DATE], and serve a copy of the notice on the counsel listed above the same day that it is filed.  You do not have to appear at the final approval hearing to have the Court consider your objection.  If you choose to appear at the final approval hearing, either for yourself or through counsel retained at your expense, you must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of your attorney) with the Court no later than [DATE].

Class members who do not comply with these procedures, or who miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

| **XII.** | **Where can Class Members get additional information?** |
|---|---|

You do not need to do anything to be a part of this Class or, if the Settlement is approved, to receive your Monthly Benefit Increase.

You can visit the Settlement website at www.[URL], where you will find the full Settlement Agreement, the Court's order granting preliminary approval of the Settlement, this Notice, and other relevant documents.  If there are any changes to how or when the Final Approval Hearing will be held, the deadlines for objecting to the Settlement, or the Settlement Agreement itself, those changes will be posted on the Settlement website.  You will not receive an additional mailed notice with those changes, unless separately ordered by the Court.  If you cannot find the information you need on the website, you may also contact Class Counsel for more information.  Please do not contact the Court to get additional information.

Dated: [DATE]                              By Order of the United States District Court
                                           United States District Judge Roderick C. Young

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated, | Civil Action No.: 4:19-cv-00052-RCY-LRL |
| Plaintiff, | |
| vs. | |
| Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5, | |
| Defendants. | CLASS ACTION |

<u>SETTLEMENT AGREEMENT</u>

# EXHIBIT 4

**Proposed Preliminary Approval Order**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| Roger A. Herndon, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No.: 4:19-cv-00052- RCY-LRL |
| vs. | CLASS ACTION |
| Huntington Ingalls Industries, Inc., the HII Administrative Committee, and John/Jane Does 1–5, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

**WHEREAS,** a putative class action is pending before the Court entitled *Herndon v. Huntington Ingalls Industries, Inc.*, No. 4:19-cv-00052- RCY-LRL;

**WHEREAS,** the Court has reviewed and considered Plaintiff's Motion for Preliminary Approval of Settlement (the "Motion"), as well as all papers submitted in connection therewith; the proposed Settlement as set forth in the Settlement Agreement (the "Settlement"), which, together with the exhibits and appendices thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing all claims against Defendants with prejudice upon the terms and conditions set forth therein, a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The provisions of the Settlement, including the definitions and terms used therein, are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Settlement.

### Jurisdiction

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Class Members.

### Preliminary Findings Regarding Proposed Settlement

3.      The Court preliminarily approves the Settlement as fair, reasonable, and adequate to all Class Members, pending a final settlement and fairness hearing (the "Final Approval Hearing").  The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Plaintiff or segments of the Class; and (v) warranting Notice of the proposed Settlement and the Final Approval Hearing described below.

### Stay Order

4.      The Court orders the stay of any pending litigation in the Action and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims against Defendants or any of their respective Related Parties.

### Form and Timing of Notice

5.      The Court hereby approves, as to form and content, the Notice and Email Notice, substantially in the form attached to the Settlement Agreement as Exhibits 1 and 3, and directs that, no later than forty-five (45) days after entry of this Order ("Notice Date"), Defendants shall

provide the Notice to each known Class Member by the method the Class Member has designated for receipt of communications from the Covered Plan.  If the Class Member has not designated any method, then by first class mail to the last known address of the Class Member that is maintained in the Covered Plan's records.  Defendants shall file with the Court proof of transmission of the Notice seven (7) days prior to the Final Approval Hearing.

6.      The cost of providing the Notice to the Class as specified in this Order shall be paid as set forth in the Settlement.

7.      The Court preliminarily finds that the distribution of the Notice, and the notice methodology contemplated by the Settlement and this Order:

a.      Constitute the best practicable notice to Class Members under the circumstances of this Action;

b.      Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to object to any aspect of the proposed Settlement; (iii) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense; and (iv) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on the Class;

c.      Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d.      Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Employee Retirement Income Security Act of 1974, as amended, the Rules of this Court, and any other applicable law.

**Final Approval Hearing**

8.      The Final Approval Hearing shall take place before the undersigned, United States District Judge Roderick C. Young on [DATE], 2022 at [TIME].m., [which will take place by video conference/which will be held in Courtroom xx of the United States District Court for the Eastern District of Virginia, Newport News Division, 2400 West Avenue, Newport News, VA 23607], to determine:

        a.      Whether the Settlement, on the terms and conditions provided for in the Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

        b.      Whether the Action should be dismissed on the merits and with prejudice;

        c.      Whether the Court should permanently enjoin the assertion of any Released Claims by Class Members;

        d.      Whether the application for attorneys' fees, expenses and costs to be submitted by Class Counsel should be approved;

        e.      Whether the application for a Client Contribution Award on behalf of Plaintiff should be approved; and

        f.      Such other matters as the Court may deem necessary or appropriate.

**Petition for Attorneys' Fees and Costs and Client Contribution Awards**

9.      Any petition for an award to Plaintiff and/or Class Counsel of a Fees, Expenses and Costs Award, and all briefs in support thereof, shall be filed no later than forty-five (45) days prior

to the Final Approval Hearing.  Any opposition to such petition by Defendants shall be filed no later than twenty-eight (28) days prior to the Final Approval Hearing.

### Briefs in Support of Final Approval of the Settlement

10.    Briefs and other documents in support of final approval of the Settlement shall be filed no later than forty-five (45) days prior to the Final Approval hearing.

### Objections to the Settlement

11.    Any member of the Class may file an objection ("Objection") to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to the request for a client contribution award for Plaintiff.   An objector must file with the Court a statement of his, her, or its Objection(s), specifying the reason(s) for each such Objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the Objection(s). Any member of the Class who files an Objection to the Settlement must also mail copies of the Objection and any supporting law and/or evidence to Class Counsel and to counsel for Defendants. The addresses for filing Objections with the Court and serving Objections on counsel are as follows:

For Filing:

> Clerk of the Court
> United States District Court for the Eastern District of Virginia
> Newport News Division
> 2400 West Avenue
> Newport News, VA 23607
> Re: *Herndon v. Huntington Ingalls Industries, Inc.,* No. 4:19-cv-00052-RCY-DEM

To Class Counsel:

> Douglas P. Needham
> IZARD, KINDALL & RAABE LLP
> 29 S. Main Street, Suite 305

West Hartford, CT 06107
Email: dneedham@ikrlaw.com

To Defendants' Counsel:

Emily Seymour Costin
ALSTON & BIRD, LLP
950 F Street NW
Washington, D.C. 20004-1404
Email: emily.costin@alston.com

12.     Objectors and their private counsel (if any) must file and serve their Objections and supporting papers so that they are received by the Court and counsel no later than twenty-eight (28) days before the Final Approval Hearing.  Service on counsel may be effected by email, but filing with the Court must be done by first-class mail.  If objectors hire an attorney for the purpose of making an Objection, the attorney must also file a notice of appearance with the Court no later than twenty-eight (28) days before the Final Approval Hearing and serve a copy of the notice of appearance on the counsel listed above by email or regular mail on the same day that it is filed with the Court.  Any member of the Class who does not timely submit a written Objection complying with the terms of this Order shall be deemed to have been waived, and shall be foreclosed from raising, any Objection to the Settlement, and any untimely Objection shall be barred.  Any responses to Objections shall be filed with the Court no later than seven (7) days before the Final Approval Hearing.  There shall be no reply briefs.

13.     Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

14.     Any objector who files and serves a timely, written Objection in accordance with Paragraphs 11 and 12 above may also appear at the Final Approval Hearing, either for themselves or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if

applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than twenty-eight (28) days before the Final Approval Hearing. Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

### Use of Order

15.     This Order is not admissible as evidence for any purpose in any pending or future litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims that he, she, or it may have in the event that the Settlement Agreement terminates. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits or appendices, nor any actions taken thereunder shall be construed as, offered into evidence as, received into evidence as, and/or deemed to be evidence of, a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

### Other Provisions

16.     In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered and

releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights to the parties to the Agreement before it was executed.   Notwithstanding the foregoing, and for the avoidance of doubt, the effectiveness of the Settlement is not contingent upon the Court approving the attorneys' fees and costs and/or any client contribution award request by Plaintiff and/or Class Counsel.

17.    The Court reserves the right to alter the time or the date of the Final Approval Hearing, as well as whether the Hearing will take place in person or by videoconference, without further written notice to the Class, provided that the time or the date of the Final Approval Hearing shall not be set at a time or a date earlier than the time and date set forth in Paragraph 8 above.

18.    The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**SO ORDERED** in the Eastern District of Virginia on _____, 2021.

_____
THE HONORABLE RODERICK C. YOUNG
UNITED STATES DISTRICT JUDGE

8