IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| ROGER A. HERNDON, )<br>*On behalf of himself and all others* )<br>*similarly situated*, )<br>    Plaintiff, )<br> )<br>        v.         )     Civil Action No. 4:19CV52 (RCY)<br> )<br>HUNTINGTON INGALLS INDUSTRIES, )<br>INC., *et al*., )<br>    Defendants. )<br> ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Final Approval of Class Settlement (ECF No. 130). Having considered all papers timely filed and proceedings in this Action and otherwise being fully informed of the matters herein, and for the reasons stated on the record at the Final Approval Hearing, and good cause shown, the Court hereby GRANTS Plaintiff's Motion for Final Approval of Class Settlement (ECF No. 130). Furthermore, it is hereby ORDERED that:

1. The provisions of the Parties' Settlement Agreement, dated November 11, 2022, including the definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Agreement.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

**Findings Regarding Notice**

3. The Court finds that the distribution of the Notice, and the notice methodology:

    a. Were implemented in accordance with the terms of the Agreement and the Court's Preliminary Approval Order;

    b. Constituted the best practicable notice to Settlement Class members under the circumstances of this Action;

    c. Were reasonably calculated, under the circumstances, to apprise the Settlement Class of: (i) the proposed Settlement of this Action; (ii) their right to object to any aspect of the proposed Settlement; (iii) their right to object to the Fees, Expenses and Costs Award; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on them;

    d. Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

    e. Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Employee Retirement Income Security of Act of 1974, as amended, the Rules of this Court, and any other applicable law.

### Findings Regarding Proposed Settlement

4. The Court finds that the Settlement is fair, reasonable, and adequate, incorporates the Settlement in this Final Order and Judgment, and orders that the Settlement shall be effective, binding, and enforced according to its terms and conditions. More particularly, the Court finds:

a. The terms and provisions of the Settlement Agreement were negotiated by the parties at arm's length and were entered into by the parties in good faith.

b. The Settlement was executed only after Class Counsel conducted appropriate investigation and discovery regarding the strengths and weaknesses of the Settlement Class's claims.

c. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Agreement is fair, reasonable, and adequate to all members of the Settlement Class, and in the best interests of the Settlement Class, taking into consideration, inter alia, the benefits to the Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.

d. Class Counsel are experienced class counsel; they had sufficient information to evaluate the settlement value; and they have concluded in good faith that the Settlement is fair, reasonable, and adequate.

e. The Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but is designed to (and does) benefit the Covered Plans, their participants and beneficiaries; and, accordingly, does not constitute a "prohibited transaction," as defined by 29 U.S.C. §§ 1106(a) and (b).

**Releases**

5. The terms of the Settlement and this Final Order and Judgment are declared to be binding on, and to have res judicata and preclusive effect in all pending and future claims, lawsuits, or other proceedings. Section IV of the Settlement Agreement (Releases) is expressly incorporated herein by reference. More specifically:

    a. Upon the entry of Judgment by the Court, Plaintiff and each Settlement Class Member will be deemed to forever release and discharge Defendants and their Related Parties, from any and all Claims arising on or before January 17, 2020, that were brought, or could have been brought, arising out of or related to the allegations in the Complaint. "Released Claims" do not include individual claims by Class Members (other than Plaintiff) that are not related to the conversion of an SLA into an alternative form of payment, including a JSA.

    b. Class Members (including Plaintiff) agree that they, acting individually or in combination with others, will not institute, maintain, prosecute, sue, or assert in any action or proceeding any Released Claim.

    c. Notwithstanding the foregoing, nothing herein shall in any way restrict or impair the rights of any party to enforce the terms of the Settlement Agreement.

## Dismissal with Prejudice

6. This Action, including all individual and Class claims asserted in it, is hereby dismissed with prejudice and on the merits against Plaintiff and all other Settlement Class Members.

## Consideration

7. The Court hereby approves the Consideration set forth in Part III of the Settlement Agreement, including the methods of calculation for the benefit of individual Class Members set forth therein.

## No Admission of Wrongdoing

8. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any

    Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file the Agreement and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

### Effect of Termination of the Failure of the Settlement to Become Effective

9. In the event that this Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated. Notwithstanding the foregoing, and for the avoidance of doubt, any decision by the Court of Appeals or the Supreme Court with respect to any separate Fees, Expenses and Costs Award shall not be considered material to the Settlement or this Judgment and shall not be grounds for termination of the Settlement.

### Continuing Jurisdiction

10. Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Agreement or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Final Order and Judgment, or the Settlement Agreement or termination of the Settlement Agreement.

**Entry of Judgment**

11. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment.

Let the Clerk file this Order electronically and notify all counsel of record accordingly.

It is so ORDERED.

/s/
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date: May 10, 2022